UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

APR 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-342-3 (RCL) |
| ) | |
| RANFER MANUEL RIOS-MERCADO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER OF DETENTION

Now before the Court is the Government's oral motion to detain the defendant without bond pending trial pursuant to 18 U.S.C. § 3142. This Court conducted a hearing on the matter on April 29, 2008. Upon consideration of the Government's motion and its uncontested proffer of evidence introduced at the hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if the defendant were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, the Government's motion is GRANTED and the Court ORDERS that the defendant be detained without bond pending trial. In support of this ruling, the Court makes the following findings:

1. There is a presumption that the defendant should be detained because he has been charged by indictment with an offense for which the maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act. 18 U.S.C. § 3142(e).

2. Defendant does not live in the United States and does not have family members living in the United States. Defendant's lack of ties to the United States and his personal

      characteristics support the conclusion that he would pose a risk of flight if released. 18 U.S.C. § 3142(g)(3)(A); *see United States v. Vargas*, 804 F.2d 157, 163–64 (1st Cir. 1986) (holding that detention was proper where defendant was a Chilean national and lacked ties to the United States).

3. The defendant is a danger to the community in general as a result of his alleged drug trafficking activities. The size and scope of the drug trafficking enterprise alleged in this case, as well as the defendant's allegedly significant role in that enterprise, make the risk to the community especially acute.

4. The defendant has not rebutted the presumption contained in the Bail Reform Act and accordingly no condition or combination of conditions will reasonably assure the appearance of the defendant at trial. *See* 18 U.S.C. § 3142(e).

5. In making these findings, the Court has assessed the weight of the evidence against defendant. 18 U.S.C. § 3142(g)(2). The evidence against defendant includes court-ordered wiretap evidence, the testimony of witnesses, and/or a seized vessel and its contents. This evidence also causes the Court to take note of the nature and seriousness of the charged crime, 18 U.S.C. § 3142(g)(1), which involves large-scale trafficking of a controlled substance. The seriousness of the charged offense is an indication of the degree of flight risk involved, and also points to the serious risk to the community that defendant might pose if released on bond.

6. The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. 18 U.S.C. § 3142(i)(2).

7. The defendant shall be afforded reasonable opportunity for private consultation with counsel. 18 U.S.C. § 3142(i)(3).

8. Upon order of this Court or on request by the United States, defendant shall be delivered to the United States Marshals Service for the purpose of his appearance in connection with court proceedings. 18 U.S.C. § 3142(i)(4).

SO ORDERED.

_____          ____4/29/08____
United States District Judge Royce C. Lamberth          Date

Case 1:05-cr-00342-RCL    Document 149    Filed 04/29/2008    Page 4 of 4