# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Criminal No. 05-342 (RCL) |
| | ) |
| **ARCHBOLD-MANNER, et al.** | ) |
| **Jesus Antonio Murillo-Lenis (02)** | ) |
| **Ranfer Rios-Mercado (03); Hugo Alvarez** | ) |
| **Lozano (15); German Villegas-Mejia (17),** | ) |
| **Gerardo Tobon-Rojas (18) and** | ) |
| **Fernando Zapata-Bermudez (19)** | ) |
| | ) |
| **Defendants.** | ) |

## JOINT MOTION TO ORDER MANDATED MISSING DISCOVERY

The above-named defendants, by and through their undersigned counsel, respectfully move this Honorable Court, pursuant to Fed. R. Crim. P. 16 to order the government to produce the missing discovery items mandated by the Federal Rules. In support of this Motion, the defendants rely upon the attached Memorandum of Points and Authorities.

Respectfully submitted,

_____/s/_____
Diane S. Lepley, Bar No. 368927
400 Seventh Street, N.W., Suite 400
Washington, D.C.  20001
(202) 393-0007
On Behalf of Ranfer Rios-Mercado


_____/s/_____
Cynthia Katkish, Bar No. 418876
On behalf of German Villegas-Mejia

_____/s/_____
Howard Katzoff
On behalf of Gerardo Tobon-Rojas


_____/s/_____
Mitchell Seltzer, Bar No.261933
On behalf of Fernando Zapata-Bermudez


_____/s/_____
Anthony Martin
On behalf of Jesus Murillo-Lenis


_____/s/_____
Heather Shaner
On behalf of Hugo Alvarez Lozano

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ARCHBOLD-MANNER, et al.  )<br>Jesus Antonio Murillo-Lenis (02)  )<br>Ranfer Rios-Mercado (03); Hugo Alvarez  )<br>Lozano (15); German Villegas-Mejia (17),  )<br>Gerardo Tobon-Rojas (18) and  )<br>Fernando Zapata-Bermudez (19)  )<br>)<br>Defendants.  )  | Criminal No. 05-342 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOINT MOTION TO ORDER MANDATED MISSING DISCOVERY**

**Facts**

The following discovery has not been provided:

Seizures on the Water

Count Two: July 22, 2005, Count Four: January 22, 2006, Count Six: March 24, 2006

For each of these three counts we request the following:

1. A list of everything that was seized/inventories (contraband and non-contraband)

2. Information about the precise place in the sea the seizure occurred

3. Material about the flag on the boat, its ownership, its log

4. Information about any surveillance done of the people or boat or anything connected with

these counts

    5.  A list of the people on the boat and their nationalities

    6.  A list of all of the non-contraband seized and an indication where and from whom it was seized.

    7.  Information about the investigation of the owner of the boat

    8.  Information about what country, if any, gave permission to board the boat.

    9.  Information about how many miles out from shore the boat was located and whether it was in international waters where there are interlocking jurisdictions

    10.  Indicate whether the United States had jurisdiction in the area where the boat was stopped

    11.  Information about the circumstances of the various seizures

    12.  A description of what each of the provided photographs depicts[1]

    13.  Information about whether any contraband was taken from anyone's person

    14.  Documentation about what chemical analyses were performed on the "bricks"

    15.  Information about when the defendants will be given access for examination of the brick packaging and all things seized

    16.  Warrants, affidavits written in advance of the seizures

    17.  All documents relating to the subsequent seizures

    18.  Translated reports

    19.  Information about the significance of the three documents categorized as "Papers seized from the Guayacan" and the location where these documents/maps were located.

---

[1] One of the 14 photos shows a cooler, bucket, plastic bags and other wrapped objects presumably removed from the boat. We have no information about these items or their whereabouts for examination by the defendants.

20. All so-called asset reports which were recovered[2]

21. Police reports[3] on Count Four

22. Crew and cargo documents including deck logs, charts and ship's official documents for counts 2 and 4

Regarding Count Six

    a.    opportunity to view the four cell phones taken from the Dan Viking, information about the contents of the four cell phones (telephone dump)

    b.    copy developed film from the 35mm camera taken from the Dan Viking

    c.    inventory and copy contents of co-defendant Heredia's wallet

    d.    opportunity to obtain list of contents and to view cabin items of Victor Romero

    e.    opportunity to obtain list of contents and view small lock box with seized Merchant Marine documents including the crew's and Master's passports and recovered money

    f.    examine iridium satellite phone

    g.    Examine and copy crew and cargo documents, deck logs, charts and ship's official documents

    h.    inventory and examination of placiba satellite laptop computer, serial #90924204, seized from the captain's cabin on top of the starboard cabinet

    i.    examination of Furana navigation GP31 and Ray Marine RN 300

---

[2] If none was recovered, then provide us with a sample asset report of the type the government has asserted the defendants obtained.

[3] It is understood that Columbia and Jamaica will not have the same documents as the United States. For example, there would be no DEA7 but there should be a comparable document and/or procedure. Where items are requested in this motion, we are requesting the American and other countries' versions, as we contend this was a joint venture.

    j.    information about what shipping agency hired the captain and crew of the Dan Viking

    k.    information about any search of the shipping agency who hired the Dan Viking crew

    l.    personal papers of the cook, Juan Lopez

    m.    personal papers of the engineer, Victor Lituma

    n.    Western Union wire transfer documents from Panama and Columbia

    o.    multiple plane tickets and documents indicating travel from Panama to Caracas, Venezuela

    p.    keys to 3 vehicles

    q.    plastic bags containing U.S. $20 bills belonging to co-defendant Heredia

    r.    sketches of what was given Master and Crew re: what investigators wanted

    s.    information regarding routes for previous Dan Viking trips

    t.    information about what "swipes" were made of Dan Viking, to what "swipes" refers and the results/tests

    u.    copies, descriptions and significance of 156 photos that have not been provided

    v.    contents of one Toshiba laptop computer, 2 floppy discs and five computer discs

    w.    access to three searched vehicles

<u>Seizures on Land</u>

Count Three: January 21, 2005 and Count Five: March 7, 2006

    1.  A list of everything that was seized (contraband and non-contraband)

2. Information about the precise place on the land, as well as the location inside the truck(s)[4] that the seizure occurred

3. Material about the ownership of the truck(s), its license and/or other documentation

4. Information about any surveillance done of the people or truck or anything connected with these counts

5. A list of the people in the truck(s) and their nationalities as well their locations, e.g. driver or passenger

6. A list of all of the non-contraband seized and an indication where and from whom it was seized.

7. Information about the investigation of the owner(s) of the truck(s)

8. Information about whether anyone gave permission to search the truck(s)

9. Information about the circumstances of the various seizures

10. A description of what each of the provided photographs depicts

11. Information about whether any contraband was taken from anyone's person

12. Documentation about what chemical analyses were performed on the "bricks"

13. Information about when the defendants will be given access for examination of the brick packaging and all things seized

14. Warrants, affidavits written in advance of the seizures

15. All documents relating to the seizures

16. Translated reports, slides and photographs

---

[4] Upon information and belief there were multiple trucks for Count Five. Thus, the requests apply to both of them.

   17. Information about the significance of the map of Columbia showing a "route"

Extradition and arrest materials

   1. Extradition affidavits and all extradition papers for each of the defendants

   2. Information about when each defendant was arrested, how long he was incarcerated in Columbia and/or another country

   3. Information about whether there was a warrant from the other country and a companion case or whether they were held exclusively on the United States indictment

   4. Copy of the transcripts and case materials from companion cases, if any, in Columbia, Jamaica, and/or other countries

Identification Procedures

   1. Information about what, if any, voice identification procedures have been used to identify voices on the wiretap

   2. What procedures were used to identify all of the defendants

   3. Criminal records of each of the defendants

Wiretap Conversations

   1. Copies of all of the conversations

   2. Copies of all authorization papers from both countries

   3. Copies of all affidavits/police reports in support of the wiretap

   4. Pen registers, 10 day reports or the Columbian version

   5. Information about the telephone numbers tapped

   6. Telephone subscriber information for the tapped telephone(s) and incoming calls

   7. Information about what was the provided evidence in support of probable cause to get

the wiretap authorization

Scientific tests and experts

    1.    Provide information about experts to be used, their vitas and the bases for their testimony and a written summary of their testimony

    2.    Chemical analyses on all drugs

    3.    Opportunity to view all drugs and packaging for all six counts

**Argument**

    To ensure a fair trial and due process the Federal Rules of Criminal Procedure dictate that the government is required to disclose the information requested herein and to provide an opportunity for the defendants to inspect documents and things. Fed. R. Cr. P 16.

                                      Respectfully submitted,

                                        /s/
                                  Diane S. Lepley, Bar No. 368927
                                  400 Seventh Street, N.W., Suite 400
                                  Washington, D.C.  20001
                                  (202) 393-0007
                                  On Behalf of Ranfer Rios-Mercado