UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARCHBOLD-MANNER, et al. ) <br> Ranfer Rios-Mercado (03), ) <br> German Villegas-Mejia (17), ) <br> Gerardo Tobon-Rojas (18) and ) <br> Fernando Zapata-Bermudez (19) ) <br> ) <br> Defendants. ) | Criminal No. 05-342 (RCL) |

**DEFENDANTS' MOTION TO DISMISS INDICTMENT ON DUE PROCESS GROUNDS
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendants, Ranfer Manuel Rios-Mercado (#3), German Villegas-Mejia (#17), Gerardo Tobon Rojas(#18), Fernando Zapata Bermudez (#19), through undersigned counsel, hereby move to dismiss the indictment based on due process grounds because these defendants can not be assured a fair trial in this case. As grounds for this Motion defendant states as follows:

**PROCEDURAL BACKGROUND:**

1. On or about September 14, 2005, a two count indictment was returned charging Alvaro Serrano Archbold-Manner, Jesus Antonio Murillo-Lenis, and Ranfer Manuel Rios Mercado with conspiracy to distribute five kilograms or more of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States; and unlawful distribution of five kilograms or more of cocaine on or about July 22, 2005, intending and knowing that the cocaine would be unlawfully imported into the United States. The indictment also contained a Forfeiture Allegation.

2. On or about January 3, 20006, a two count superseding indictment (First Superseding Indictment) was returned adding seven defendants.[1] Thereafter, on or about April 18, 2006, a six

---

[1] Each superseding indictment continued to include a Forfeiture Allegation as well.

2

count superseding indictment (Second Superseding Indictment) was returned charging fifteen additional defendants, including Gerardo Tobon Rojas, and adding four additional substantive counts:  Count One - conspiracy to distribute five kilograms or more of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States; Count Two - unlawful distribution of five kilograms or more of cocaine on or about July 22, 2005, intending and knowing that the cocaine would be unlawfully imported into the United States;  Count Three - unlawful distribution of five kilograms or more of cocaine on or about January 21, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States; Count Four - unlawful attempt to distribute five kilograms or more of cocaine on or about January 22, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States; Count Five - unlawful distribution of five kilograms or more of cocaine on or about March 7, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States; and Count Six - unlawful distribution of five kilograms or more of cocaine on or about March 24, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States.  Finally, on or about May 6, 2008, a Third Superseding Indictment was returned, changing the name of defendant number six from Fredy Gomez-Perez, aka "Chiqui" to Miyer Alberto Barcia Buitrago, aka "Chiqui".

      3.  From the prior pleadings filed in this case[2], as well as the timing of the indictment, it appears evident that the United States authorities were involved in the criminal investigation, as well as the decisions to prosecute these defendants for offenses which were allegedly committed outside the United States.  The Second Superseding Indictment was returned on April 18, 2006. The indictment includes charges against these defendants for attempted importation of cocaine into the United States, based on the seizure of the MV Guayacan in or about the North Shore of

---

[2] In the Government's Response in Opposition to Defendant Lewis' Motion to Suppress, the government concedes that the DEA was involved in funding wiretaps, was briefed on the status of the investigations, and observed the execution of search warrants. See, Govt Response at p. 10.

3

Colombia on or about January 22, 2006,  Such an indictment could not be returned so quickly if the United States was not working closely with the Jamaican and Colombian authorities.

4. In or about August 2006, Gerardo Tobon Rojas(#18) was arrested and detained in Colombia based on the arrest warrant in this case. On information and belief, in or about 2006, defendants Ranfer Manuel Rios-Mercado (#3), German Villegas-Mejia (#17), and Fernando Zapata Bermudez (#19) were also arrested and detained in Colombia based on the arrest warrants issued in this case. These defendants remained incarcerated in Colombia jails pending extradition to the United States.

5. On or about October 20, 2006. the indictment was unsealed and defendant Alvaro Serrano Archbold-Manner was arraigned in this case. During 2007 a number of other defendants were extradited to the United State for the purpose of prosecuting them in this case. In late 2007, German Villegas-Mejia (#17) was extradited to the United States and had his first appearance in this court.  On or about January 29, 2008, Mr. Tobon Rojas had his first appearance in this court, and was arraigned on the second superseding indictment. Thereafter, Ranfer Manuel Rios-Mercado (#3) and Fernando Zapata Bermudez (#19) were extradited and had their initial appearances before this Court. Discovery requests have been made by all defendants.

6. Although some of the defendants began making their initial appearances in this Court more than 19 months ago, the discovery for the recent defendants continues to be problematic. To date discovery in this case has primarily been limited to the disclosure of certain intercepted telephone conversations or summaries, which have been provided in Spanish and Patois. Additional discovery continues to be very limited. Defendants have no reason to question the government's representations that discovery is being provided to the defense as quickly as it is being provided to them by their counterparts in Colombia and Jamaica. Nevertheless, these prosecutions are the result of the United States' efforts to work jointly with these other sovereigns, and the government must therefore be held accountable for the delays.

4

7. Furthermore, the defendants have been denied the types of discovery normally provided in drug conspiracy cases in this jurisdiction , making it very difficult to understand the nature of the allegations against the defendants in this case.[3]  The problems with discovery are exacerbated by the fact that the indictment in this case is a "bare bones" indictment, which does not describe the manner and means of committing the conspiracy, the alleged roles of the defendants, and/or the substantive offenses or overt acts committed as part of the conspiracy. The defendants do not have the ability to review, photograph, and/or copy any of the physical evidence in the case.  In addition, the defendants have not been provided any documentation or discovery addressing how the government intends to make voice identifications or otherwise identify the telephone calls to particular defendants.  In short, the discovery falls far short of the discovery normally provided in drug conspiracy cases - even in cases with very detailed "speaking indictments".

8. Defendants submit that the continuing problems related to discovery, including the fact that the evidence is not readily available for the defendants to review, photograph, and/or copy, are depriving them of their right to adequately prepare a defense and for a fair trial as guaranteed by the Due Process Clause of the 5th Amendment.   Counsel for defendants are

---

[3] The defendants are contemporaneously filing a discovery motion in an attempt to address the deficiencies in the discovery process - deficiencies and delays which are now interfering with the defendants' ability to prepare a defense and their right to a fair trial. Defendants would also note that spending constraints applicable under the Criminal Justice Act (CJA) further complicate the problems associated with the discovery delays.  Counsel for each of these defendants is appointed under the CJA.  Thus the expenditure of CJA funds for expenses such as investigation, travel, and interpreter services must be justified, and must generally approved by the Court in advance.  The defendants in this case have not been able to determine what, if any, investigation is necessary in Colombia and elsewhere, and can not make such determinations or arrangements until adequate discovery has been provided.  Counsel believes it would be unnecessarily wasteful for defense counsel and/or investigators to make multiple trips out of the country at CJA expense merely because discovery has not been provided in a more timely fashion.  While this motion might be premature, defendants are now concerned that the discovery problems are compromising the defendants' abilities to properly investigate and prepare for the upcoming trial, particularly since the case involves allegations of criminal activities which occurred entirely outside the United States.  Thus the defendants have decided to file this motion at this time.

5

concerned that they will be unable to adequately prepare to defend their clients against the allegations in this case unless full discovery is either completed or cut off well in advance of trial, particularly since any investigation regarding witnesses and evidence will likely have to be undertaken outside the United States rather than in the D.C. area.

9. The Constitution imposes certain constraints on the Federal Government, even when it operates abroad. See, <u>United States v. Verdugo-Urquidez</u>, 494 US 259, 264( 1990). More recently, the Supreme Court recognized that non-resident aliens are entitled to certain Constitutional protections. See, <u>Boumediene v. Bush</u>, 128 S.Ct. 2229, 2259 (2008) ( Habeas Corpus rights granted to Guantonamo prisoners). Thus it appears reasonable that the defendants in this case, who were arrested and detained for more than a year in Colombia before being extradited to the United States to face trial in this case, should be entitled to the same due process protections and discovery rules as any other defendants arrested and charged with a crime in this court.

10. The Court has broad discretion to fashion discovery orders, as well as remedies for the failure to comply with Rule 16(d)(2). Since the discovery problems in this case are now impacting the defendants' rights to a fair trial, defendants' submit that dismissal of the indictment is the appropriate remedy.

Wherefore, defendants respectfully request that the Court dismiss the indictment in this case based on the government's violation of the defendants' right to prepare a defense and for a fair trial, based in significant part on the government's failure to timely provide the necessary Rule 16 discovery .

                                            Respectfully submitted,

                                            /s/
                                        Howard B. Katzoff, # 348292
                                        717 D Street601 Indiana Ave., N.W.
                                        Suite 310
                                        Washington, D.C.  20004
                                        (202) 783-6414
                                        Counsel for Gerardo Tobon Rojas

6

           /s/
Diane S. Lepley, Bar No. 368927
On Behalf of Ranfer Rios-Mercado (#3)

           /s/
Cynthia Katkish, Bar No. 418876
On behalf of German Villegas-Mejia (#17)

           /s/
Mitchell Seltzer, Bar No.261933
On behalf of Fernando Zapata-Bermudez (#19)

## CERTIFICATE OF SERVICE

I hereby certify that this __21st__ day of __July__, 2008, a copy of the foregoing Motion and Points and Authorities were electronically served upon Patrick Hearn, Esquire, Trial Attorney, United States Department of Justice, and to all defense counsel of record.

           /s/
Howard B. Katzoff