UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 05-342- |
| : | 17, 18, 19 |
| : | (RCL) |
| : | |
| ARCHBOLD-MANNER et. al., : | |
| | |
| Ranfer Rios-Mercado(03) | : |
| German Villegas-Mejia (17), : | |
| Gerardo Tobon-Rojas (18), : | |
| Fernando Zapata Bermudez(19) : | |

**MOTION TO DISMISS COUNT ONE, OR IN THE ALTERNATIVE,
MOTION FOR A BILL OF PARTICULARS**

The defendants, through undersigned counsel, respectfully move the Court to dismiss Count One of the indictment, as it charges several separate conspiracies in a single count, and is therefore duplicitous. Alternatively, the defendants requests a bill of particulars.

In support of this motion, the defendants state the following:

1. The defendants are all charged in Count One of a six count indictment with Conspiracy to Distribute 5 kilograms or More of Cocaine Intending and Knowing the Cocaine Will Be Unlawfully Imported Into the United States, 21 U.S.C. Sect. 959, 960 and 963. They are also charged in Count Four with a single instance of Attempted Distribution of 5 Kilograms or More of Cocaine Intending and Knowing that the Cocaine Will Be Unlawfully Imported Into the United States.

2. Based upon the indictment and the discovery provided by the government, the defense is unaware of the defendant's nexus to any agreement with the "coconspirators." to distribute cocaine with the intent that it be imported to the United

1

States. The defendants can only conclude that the Government is charging multiple conspiracies in a single count (Count One), in violation of Federal Rules of Criminal Procedure 8(a) and Kotteakos v. United States, 328 U.S. 750 (1947).

3.      In the event that the Motion to Dismiss Count One is denied, the defendants request a bill of particulars specific enough to allow them to adequately defend against Count One.

I.   **COUNT ONE MUST BE DISMISSED BECAUSE IT CHARGES TWO OR MORE CONSPIRACIES IN A SINGLE COUNT.**

4.      Rule 8(a) of the Federal Rules of Criminal Procedure prohibits duplicity; that is, joinder in a single count of an indictment of more than one criminal offense. The prohibition against duplicity applies to conspiracy counts, even when the indictment asserts there was only a single conspiracy. Worthington v. United States, 64 F.2d 936 (7th Cir. 1933); United States v. Ramos, 666 F.2d 469 (11th Cir. 1982); Simmons v. United States, 119 F.2d 539 (9th Cir. 1941). In Kotteakos v. United States, supra, the Supreme Court rejected misjoinder in conspiracy cases. In that case, various defendants separately conspired with a common conspirator to obtain fraudulent loans from a United States agency. On appeal, the Attorney General conceded there were several conspiracies since there was no overall goal or common purpose of all of the defendants. The court found, therefore, that the count had to be dismissed, since each separate agreement had its own distinct, illegal end. See Blumenthal v. United States, 332 U.S. 539 (1947); United States v. Levine, 546 F.2d 658 (5th Cir. 1977). The Court must consider several factors, including whether the participants shared a common goal, interdependence between the alleged participants in the conspiracy, and though less significant, overlap among the participants. United States v. Graham, 89 F. 3d 1466, 1471 (D.C. Cir. 1996); See United States v. Tarantino, 846 F.2d 1384, 1393 (D.C. Cir. 1988); United States v. Childress, 58

F. 3d 693, 710 (D.C. Cir. 1995) (single conspiracy requires evidence of interdependence between participants). A single conspiracy exists where there is one overall agreement to perform a variety of functions to achieve the objectives of the conspiracy, and may include subgroups, or subagreements. <u>United States v. Guzman</u>, 852 F.2d 1117, 1120 (9th Cir. 1988).

     5.    The indictment in <u>United States v. Coward</u>, 630 F.2d 229 (4th Cir. 1980), like the indictment here, charged each of the defendants with separate groups of substantive offenses in addition to the conspiracy count. The Court therein ruled that one doctor had been engaged in separate conspiracies with two different pharmacists, and therefore all three could not be convicted of a single conspiracy count.

     6.  Here there are a total of 25 defendants, with each of them charged with additional substantive violations. The government, by accumulating separate instances of distribution with intent to import to the U.S., as alleged in Counts Two, Three, Five and Six at unrelated times as to the other alleged coconspirators, and in totally different locations, establishes at most only that multiple conspiracies are being improperly alleged in Count One. And as to these particular defendants, the indictment is even more problematic. All but defendant #3, Mr. Rios Mercado, are not charged with distribution at all, but rather, in Count Four only, with a single allegation of knowingly and intentionally *attempting* to distribute cocaine knowing that such cocaine would be unlawfully imported into the United States. Nowhere in the indictment, or in the limited discovery provided to date, is there any evidence that these particular defendants were part of a larger group that actually conspired to, and in fact did, distribute cocaine knowing and intending that its destination was the U.S.A. (In fact the limited evidence disclosed, mostly a series of wiretapped phone calls, fails to even establish that these defendants took any action at all in an attempt to distribute cocaine.)

     7. To establish a single conspiracy, there must be some interdependence between separate schemes. The test is whether "…a conspirator knowingly participated with a

core conspirator" to achieving a common objective with knowledge of the larger venture." United States v. Gatling, 96 3d.1511, 1522(D.C.Cir. 1996). For a "wheel" conspiracy to exist, the government must allege and prove by the indictment that those people, such as these defendants, who form the "spokes", must have been aware of and must have done something in furtherance of the single, illegal enterprise. If not, there is no"rim" to enclose the spokes. See United States v. Mathis, 216 F. 3d 18, 24 (D.C. Cir. 2000) (spokes in hub conspiracy must have connection to hub and interdependence among each other in order to form a rim and constitute a single conspiracy). Here, the indictment is silent as what that single enterprise even is, let alone how each of the alleged conspirators contributed to it, and how they were interdependent on each other. The most that can be inferred is that there was no single overall scheme to distribute cocaine intended for the United States but possibly separate, unrelated individual conspiracies with that same goal—and again, here these defendants are not even accused of participating in any actual distributions at all. (*See also* Federal Rule of Criminal Procedure 7(c)(1), requiring that indictment state plainly, concisely and definitively the essential facts of the offense charged.)

7. It can be said that all drug trafficking offenses are alike in having the same illegal object of drug distribution; nonetheless, as in *Kotteakos*, these defendants did not by way of agreement or otherwise, at least not as alleged in the indictment, participate with each other or any other person in a plan to distribute with the intent to import to the United States any quantity of cocaine. Given the foregoing, the defendant requests that the Court dismiss Count One of the indictment.

## II. ALTERNATIVELY, THE DEFENDANTS REQUEST A BILL OF PARTICULARS.

8. If the Court does not dismiss Count One, the defendant moves for a Bill of

Particulars of the following items pursuant to Federal Rule of Criminal Procedure 7(f). The indictment itself fails to set forth this information; neither has the defendant been able to ascertain this information through informal discovery. A Bill of Particulars is therefore necessary. <u>Russell v. United States</u>, 369 U.S. 749 (1962). All requests include information known to the Grand Jury and information discovered by the Government after indictment:

    a. The exact time, date and location of every act allegedly committed by these defendants and every other alleged conspirator, whether indicted or unindicted, in furtherance of the alleged conspiracy and each act that could be construed to be an overt act. <u>See</u> <u>United States v. Tanner</u>, 279 F.Supp. 457, 474 (N.D. Ill. 1967), *rev'd on other grounds*, 471 F. 2d 128 (7th Cir. 1972), *cert. denied*, 409 U.S. 949 (1972); <u>United States v. Baker,</u> 262 F.Supp. 657, 675 (D.D.C. 1966); <u>United States v. Covelli</u>, 210 F.Supp. 89 (N.D. Ill. 1962).

    b. The exact nature of, or a specific statement of facts of each act specified in (a).

    c. The date that these defendants and every other alleged conspirator, whether indicted or unindicted, joined the conspiracy alleged and what acts he did to so join. <u>Tanner, supra</u> at 474.

    d. As to each act in (a) and (b), a statement or the substance of the statement as to what each witness alleges that these defendants did.

    e. The exact time, date and place that each of these defendants was witnessed by any government witness to have distributed cocaine or attempted to distribute cocaine.

    f. The exact nature of, or a specific statement of facts of each of these defendants distributed or attempted to distribute cocaine;

    g. The name and address of each and every unindicted co-conspirator, aider and abettor and any other person involved in any criminal act charged. <u>United</u>

5

States v. Rogers, 617 F.Supp. 1024, 1028 (D.Colo. 1985).  ("It is well settled that the government must identify undisclosed and unindicted co-conspirators, aiders and abettors and other individuals involved in the criminal acts charged, especially where the government plans to call such persons as witnesses.")  See United States v. Jackson, 757 F.2d 1486, 1491 (4th Cir. 1985).  See also United States v. Hughes, 817 F.2d 268, 272 (5th Cir. 1987) (requires showing of prejudice to the defendant).

    **WHEREFORE**, the defendants respectfully request that the appropriate relief as requested herein be granted.

                       Respectfully submitted,

                       _____
                       Mitchell M. Seltzer
                       D.C. Bar #261933
                       Counsel for F.Zapata-Bermudez
                       717 D Street, N.W. #310
                       Washington, D.C. 20004
                       (202) 347-2333

                       _____
                       Cynthia Katkish
                       D.C. Bar #418876
                       Counsel for G. Villegas-Mejia
                       601 Pennsylvania Ave , NW, #900 South
                       Washington, DC 20004

                       _____
                       Howard B. Katzoff
                       D.C. Bar # 261933
                       Counsel for G. Tobon-Rojas
                       717 D Street, NW, #310
                       Washington, DC 20004

                       _____
                       Diane Lepley
                       D.C. Bar # 368927
                       400 7th Street, NW, #400
                       Washington, DC 20004

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served electronically transmission upon counsel for the Government, and upon each codefendant's counsel of record, this _____21st___day of July 2008.

_____