UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA          :
                                  :
        v.                        :        Crim. No. 05-342-03,
                                  :        12, 15, 17, 18, 19
                                  :         (RCL)
                                  :
ARCHBOLD-MANNER et. al.,          :
(Ranfer Rios Mercado (03); Enrique Oyola-Ropero (12),
Jose Alvarez-Lozano (15), German Villegas-Mejia (17),
Gerardo Tobon-Rojas (18), Fernando Zapata Bermudez(19)


**DEFENDANT'S MOTION FOR TIMELY DISCLOSURE OF IDENTITY OF
INFORMANTS WITH POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The defendants, by and through undersigned counsel, move this Honorable Court, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, to order that the Government disclose the identities of, and provide contact information for the defense to interview the informant witnesses in this case.   In support thereof, the defendants rely upon the following points and authorities:

In support of this motion, the defendant states the following:

1.    The defendants are all charged in Count One of a six count indictment with Conspiracy to Distribute 5 kilograms or More of Cocaine Intending and Knowing the Cocaine Will Be Unlawfully Imported Into the United States, 21 U.S.C. Sect. 959, 960 and 963.  Each also faces at least one additional count alleging either distribution or the attempted distribution of 5 kilograms of cocaine with the intent and knowledge that it will be imported into the United States.

2.    Based upon the limited discovery provided to date, it is difficult for the defense to know precisely what roles the confidential informants played in this case. However, it is likely that the confidential informants (CIs) are unnamed, cooperating coconspirators and cooperating codefendants who played roles in the commission of the

conspiracy and the substantive charges herein. These persons are likely to provide testimony that the defendants assisted them in the distribution of cocaine with the intent that it be imported into the United States.

3.      The Government has not supplied the identities of these informants.

4.      Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege (to withhold his identity) must give way.  In these situations the trial court may require disclosure, and if the Government withholds the information, dismiss the action.  Roviaro v. United States, 353 U.S. 53, 60-61 (1975); See United States v. Foster, 986 F. 2d 541 (1993).

5.      Here the flow of information is not an issue-- the CIs are likely to be active participants, not just dispensers of information.  The balance weighs heavily in favor of disclosure, since the CI(s) "...had helped to set up the criminal occurrence and had played a prominent part in it." Rovario, supra at 64.  In Rovario, supra, the Supreme Court held that the trial court had committed prejudicial error by permitting the Government to withhold the identity of its undercover employee.  The Court's reasoning is equally valid here: the "informant" therein had helped to set up the criminal occurrence, had played a prominent part in it, and was the only person in a position to contradict or amplify the testimony of police witnesses.  Id. Here the CIs' potential testimony is especially critical to establish that the defendants did not participate in the distribution or attempted distributions of cocaine or otherwise play a role in the importation conspiracy alleged in Count One. Therefore, the desirability of calling the "informants" as witnesses, or at least in interviewing them in preparation for trial is a matter for the accused rather than the Government to decide.  Id; (Distinguish United States v. Skeens, 449 F.2d 1066, 1070 (D.C. Cir. 1971), wherein the informant did not actively participate in the alleged criminal activity, and disclosure was therefore not required).

6.    The Supreme Court in *Roviaro* made it clear that when the informant's name and address were requested, the Government should have been required to supply that information or suffer dismissal of the charges. Id. at 65.  It will be seldom that a name alone is sufficient to identify an informer.  United States v. Goss, 237 F. Supp. 26, 28-29 (S.D.N.Y. 1965) (wherein Government's refusal to supply name, address and telephone number of informant led the Court to grant the defendant's motion to suppress evidence.)

7.    Absent a timely opportunity to interview the informants in a neutral setting, the defense will be denied effective use at trial of the fruits of such an interview. See United States v. Pollack, 534 F.2d 964, 973-74 (D.C. Cir. 1976).  The due process requirements of Brady v. Maryland, 373 U.S. 83 (1963), dictate that the defense be provided timely access to the witnesses.

8.    A hearing on this motion is requested.


**WHEREFORE**, the defendants respectfully request that this motion be granted, and that the Government be ordered to provide to defense counsel with sufficient contact information, including the names, addresses and telephone numbers of the informants within the next 30 days.


Respectfully submitted,


_____

Mitchell M. Seltzer
Bar #261933
Counsel for Mr. Zapata-Bermudez
717 D Street, NW, #310
Washington, D.C. 20004
 (202) 347-2333

_____

Cynthia Katkish
D.C. Bar #418876
Counsel for G. Villegas-Mejia
601 Pennsylvania Ave, NW, #900 S.
Washington, DC 20004

_____

Howard B. Katzoff
D.C. Bar # 348292
Counsel for G. Tobon-Rojas
717 D Street, NW, #310
Washington, DC 20004

_____

Diane Lepley
D.C. Bar # 368927
Counsel for R. Rios-Mercado
400 7th Street, NW, #400
Washington, DC 20004

_____

Ronald Earnest
D.C. Bar # 477305
Counsel for E. Oyola-Ropero

_____

Heather Shaner
D.C. Bar # 273276
Counsel for H. Alvarez Lozano
1702 S Strteet, NW
Washington, DC 20009

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served electronically transmission upon DOJ Trial Attorney Patrick Hearn and served upon each codefendant's counsel of record, this___21st____ day of July, 2008.

_____