UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CR. NO. 05-342 (RCL) |
| ) | |
| JESUS ANTONIO MURILLO-LENIS, ) | |
| ) | |
| RANFER RIOS-MERCADO, ) | |
| ) | |
| HUGO ALVEREZ LONZANO, ) | |
| ) | |
| GERMAN VILLEGAS-MEJIA, ) | |
| ) | |
| GERARDO TOBON ROJAS, ) | |
| ) | |
| FERNANDO ZAPATA-BERMUDEZ, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S SUPPLEMENT TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby supplements the government's response in opposition to defendants Jesus Antonio Murillo-Lenis, Ranfer Rios-Mercado, Hugo Alvarez Lonzano, German Villegas-Mejia, Gerardo Tobon Rojas and Fernando Zapata-Bermudez Motion to Suppress. The government has previously filed a response in opposition to defendants' Motion to Suppress. The government hereby moves to file Government's Supplement to Government's Response in Opposition to Defendants' Motion to Suppress to respond to an issue raised in defendants' Motion to Suppress which was not addressed in Government's Response in Opposition to Defendants' Motion to Suppress.

I. **Boumediene v. Bush**, 128 S.Ct. 2229 (2008)

Counsel for the defense attempts to claim protections of Fourth Amendment, relying on *Boumediene v. Bush,* 128 S.Ct. 2229 (2008) and the Court should deny this motion, as the defendant's are not entitled to claim any Fourth Amendment protections by law.

The defense suggests that the Fourth Amendment should apply to the seizures conducted in abroad by foreign officials, as allegedly joint ventures with the United States Government. To begin with, the general rules is that "[n]either our Fourth Amendment nor the judicially created exclusionary rule applies to acts of foreign officials." *United States v. LaChapelle,* 869 F.2d 488, 489 (9th Cir.1989), quoting *United States v. Maher,* 645 F.2d 780, 782 (9th Cir.1981). The government recognizes that one exception to this general rule is joint ventures between foreign and U.S. officials, as the defense suggests, however, the defense fails to note that because this exception is based solely on the Fourth Amendment, the appellants must first show that they are among the class of persons that the Fourth Amendment was meant to protect. *United States v. Barona***,** 56 F.3d 1087, 1090-91 (9th Cir. 1995).

The Supreme Court has held that with regard to foreign searches involving aliens with "no voluntary connection" to the United States, the Fourth Amendment is simply inapplicable. *Barona,* 56 F.3d 1087, 1093 (citing *United States v. Verdugo-Urquidez,* 494 U.S. 259, 274-75, 110 S.Ct. 1056, 1066 (1990)). In the *Verdugo-Urquidez* case, the Supreme Court reversed a decision where the Fourth Amendment was applied to a search of a Mexican citizen's Mexican residence. *See United States v. Verdugo-Urquidez,* 856 F.2d 1214 (9th Cir.1988) *rev'd,* 494 U.S. 259, 110 S.Ct. 1056 (1990). The Supreme Court rejected a "global view of [the Fourth Amendment's] applicability [which] would plunge [us] into a sea of uncertainty as to what might be reasonable in the way of searches and seizures conducted abroad." *Verdugo-Urquidez,* 494

U.S. at 274, 110 S.Ct. at 1065-66. Thus, any Fourth Amendment protections are inapplicable here because the Fourth Amendment does not apply to foreign searches involving aliens.

Additionally, the government opposes the defendants' argument that the case *Boumediene v. Bush* should be interpreted to allow the defendant to claim Fourth Amendment protections for evidence gathered in Colombia. The defense incorrectly relies on *Boumediene v. Bush,* a very narrow holding, for the premise that Constitutional rights such as the Fourth Amendment extend to aliens abroad.

The United States Supreme Court in *Boumediene v. Bush* held, in a 5-4 decision, that aliens designated as alien combatants and detained at the United States Naval Station in Guantanamo Bay, Cuba, have the constitutional privilege of habeas corpus, and a statute enacted by Congress, the Detainee Treatment Act of 2005 (DTA), which provides certain procedures for review of the detainees' status, was not an adequate and effective substitute for habeas corpus, which may not be withdrawn except in conformance with the Suspension Clause, U.S. Const. Art. 1, § 9, cl. 2. The Supreme Court explicitly states it is a narrow holding, only deciding that the writ of habeas corpus extends to prisoners at Guantanamo Bay. *Boumediene* 128 S.Ct. 2229, 2275 (2008) ("Our decision today holds *only* that the petitioners before us are entitled to seek the writ; that the DTA review procedures are an inadequate substitute for habeas corpus; and that the petitioners in these cases need not exhaust the review procedures in the Court of Appeals before proceeding with their habeas actions in the District Court. The only law we identify as unconstitutional is MCA § 7, 28 U.S.C.A. § 2241(e) (Supp.2007).").

Additionally, Scalia's dissent in *Boumediene* specifically notes there is no support for the majority's decision to extend the privilege of habeas corpus extraterritorially, and cites *Verdugo* as good law. 128 S.Ct. 2229, 2302 (There is simply no support for the Court's assertion that

constitutional rights extend to aliens held outside U.S. sovereign territory, *see Verdugo-Urquidez,* 494 U.S., at 271, 110 S.Ct. 1056.")

## CONCLUSION

Wherefore, the government respectfully requests, for the reasons set forth above, that this Court deny defendants motion.

Respectfully submitted,

WAYNE RAABE, Acting Chief
Narcotics and Dangerous Drug Section

/s/
Patrick H. Hearn
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 305-7606

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 13, 2008, Government's Supplement to Government's Response in Opposition to Defendants' Motion to Suppress was sent via ECF to counsel for the defendants.

/s/
Patrick H. Hearn
Trial Attorney
U.S. Department of Justice
Narcotic and Dangerous Drug Section